## Yourea Allen v. The State.

### No. 5904.   Decided October 20, 1920.

**1.—Murder—Manslaughter—Evidence—Res Gestae.**

Where the excluded testimony did not come under the rule of *res gestae*, as shown by the record, there was no reversible error.

**2.—Same—Evidence—Harmless Error.**

Where the relevancy of the testimony which the defendant sought to elicit is not disclosed by the bill of exceptions and the same fact was proved by other testimony, there was no reversible error.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not disclose the ground upon which the testimony was excluded, or that the same was material, there was no reversible error.

**4.—Same—Evidence—Harmless Error.**

Where the admission of certain declarations of defendant's witness was already in evidence, the same was harmless error.

**5.—Same—Evidence—Declarations of Deceased—Conversation.**

Where the bill as qualified by the court permitted proof of all that oc-cured in a conversation between the witness and the deceased, in which the latter made threats against the defendant and his wife, there was no error in excluding that part of the conversation which endeavored to dissuade the deceased from such purpose.

Appeal from the District Court of Titus.   Tried below before the Honorable J. A. Ward.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J .M. Buford,* and *T. C. Hutchings,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for manslaughter, and punishment fixed at confinement in the penitentiary for five years.

The evidence shows that deceased had shot a hog belonging to appellant or his wife, and had paid a sum of money to the appellant because of the injury.   A controversy arose over the ownership of the hog, the deceased asserting that title passed to him by reason of the payment, this interpretation of the contract being combatted by the appellant.   Deceased went to the home of the appellant with his

stepson and a wagon, and sought to obtain possession of the hog. While there the homicide took place, deceased receiving two wounds from a shotgun, the infliction of which by the appellant is conceded. The evidence is in sharp conflict touching the transaction at the moment the shots were fired.

The evidence introduced by the appellant was to the effect that the deceased came to the home of appellant while appellant was out in his field, and demanded the possession of the hog from appellant's wife, and, being denied, that the deceased attacked her with a stick which was a deadly weapon; that she fled, and the appellant, attracted by her screams, returned and fired the two shots in her defense. The State's evidence negatived any attack by the deceased, or the possession of any weapon, and goes to show that the appellant shot the deceased while he was helpless and begging for his life, the first shot having been fired while the deceased was in the house, where he had been forced to go at the point of a gun, the other shot being fired while he was fleeing.

The complaint in the first bill is that appellant desired to ask a witness on cross-examination the question: "Well, how'd you come to get that stick?" to which the witness would have answered that appellant had told him when he received it that the deceased had assaulted the wife of the appellant with it. This declaration might have been admissible if made under circumstances bringing it within the rule of *res gestae*. That it did come within that rule is not shown.

The relevancy of the testimony which the appellant sought to elicit to the effect that the deceased had been convicted of murder in Louisiana is not disclosed by the bill of exceptions. This fact being proved, however, by other testimony, and not disputed, its exclusion from the mouth of this particular witness could not have been harmful.

The fact that deceased's stepdaughter may have been on the afternoon of the homicide in possession of a shotgun which belonged to the deceased, may or may not have been relevant. The bill fails to disclose the ground upon which it was excluded, and it is not made to appear how the possession of the gun would have been material, or shown whether it was before or after the homicide.

That the deceased went to the home of appellant after a hog was an established and undisputed fact. The admission of the declaration of one of appellant's witnesses, therefore, that such was his purpose in going, was harmless, if erroneous.

It appearing from the qualification of the bill that the court permitted proof of all that occurred in the conversation between Al Baker and the deceased, in which the deceased threatened to go and kill the appellant and his wife, there was no error in excluding that part of it in which Al Baker argued with deceased, and endeavored to dissuade him from such purpose. Particularly is this true in that

it is not contended that appellant was aware of the conversation before the homicide.

Failing to discern any matter in the record authorizing a reversal of the judgment, it is affirmed.

*Affirmed.*